IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL DOUGLAS CREWS,
No. 03677-04425

Petitioner,

vs.                                                    Case No. 15-cv-768-DRH

JAMES CROSS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

Although he does not name or cite the case, it is apparent from the petition that Crews is relying on the recent decision of the Supreme Court in *Johnson v. United States*, which held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

§ 924(e)(2)(B)(ii), violates due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551 (June 26, 2015).

Petitioner was convicted by a jury in this Court of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *United States v. Crews*, Case No. 96-cr-40025 (S.D. Ill.). He was sentenced in December 1996 to a term of 293 months, after the Court found that he had three prior felony convictions that justified an enhanced sentence under the ACCA. *See Crews v. United States*, Case No. 99-cv-4030 (S.D. Ill.) (§ 2255 proceeding). Petitioner's direct appeal and his motion for relief under 28 U.S.C. § 2255 were both unsuccessful.

Crews asserts herein that his 1974 convictions were "double counted" in order to enhance his sentence, and that a non-violent felony conviction for complicity to manslaughter and complicity to robbery was improperly used for the ACCA enhancement (Doc. 1, pp. 6-7). He asserts that he would be entitled to immediate release if he were resentenced without the enhancement.

The Seventh Circuit on August 4, 2015, concluded that *Johnson* announces a new substantive rule of constitutional law, that is retroactively applicable in a collateral attack on a final conviction. *Price v. United States*, Case No. 15-2427 (7th Cir. Aug. 4, 2015) (authorizing District Court to consider second or successive § 2255 motion seeking relief under *Johnson*). In light of that decision and the possibility that petitioner may be entitled to relief, the government shall be ordered to respond to the instant petition.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this Order is entered.[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated: August 4, 2015**

Digitally signed by David R. Herndon
Date: 2015.08.04 16:50:30 -05'00'

**United States District Judge**