IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL DOUGLAS CREWS,

        Petitioner,

vs.                                             Civil No.  15-cv-768-DRH-CJP

JAMES CROSS,

        Respondent.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Paul Douglas Crews, an inmate in the Bureau of Prisons, filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 1).

In 1996, a jury in the Southern District of Illinois convicted petitioner of one count of felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). He was sentenced to 293 months imprisonment under 18 U.S.C. §924(e)(Armed Career Criminal Act, or ACCA).  Crews argues that he is entitled to be resentenced without the ACCA enhancement because the Supreme Court declared the residual clause of that statue unconstitutional in the recent case of *Johnson v. United States,* ⸺ U.S. ⸺, 135 S.Ct. 2551 (June 26, 2015).  Respondent argues that Crews is precluded from making this argument in a §2241 petition.

### Relevant Facts and Procedural History

Petitioner's criminal case, *United States v. Crews*, Case No. 96-cr-40025-JPG (S.D. Ill.), was presided over by (then) Chief Judge J. Phil Gilbert.  A portion of the transcript of the sentencing hearing is attached to the response to the

1

habeas petition. Judge Gilbert found that petitioner should be sentenced under the ACCA because he had two 1974 convictions for armed robbery and a 1981 conviction for complicity to manslaughter and complicity to robbery. See, Doc. 9, Ex.1.

On direct appeal, Crews did not raise any issue as to his status as an armed career criminal. The Seventh Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Crews*, 134 F.3d 374, 1998 WL 54603 (7th Cir. 1998)(unpublished order).

Crews filed a motion under 28 U.S.C. §2255 in the Southern District of Illinois in which he raised various claims. Relevant to this case, he argued that one of his prior convictions should not have counted because his counsel on that charge had been ineffective, and that his two 1974 convictions for armed robbery should have been counted as one crime. He also argued that his conviction for complicity to manslaughter and robbery did not constitute a violent crime. Judge Gilbert concluded that Crews had procedurally defaulted those arguments because he could have, but did not, raise them on direct appeal. *Crews v. United States*, Case No. 99-cv-4040-JPG, Doc. 17 (S.D. Ill., March 22, 2002). The Seventh Circuit denied a certificate of appealability. *Crews v. United States*, Case No. 02-2337 (7th Cir. October 29, 2002).

## **Applicable Legal Standards**

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are

2

limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). See, *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), and its progeny.

The Seventh Circuit has explained that, in order to fit within the savings

clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* the new rule must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.   *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

Respondent argues, correctly, that this Court cannot entertain petitioner's §2241 petition because it does not fit within the savings clause of 28 U.S.C. §2255(e).

Crews relies on John*son v. United States,* ––– U.S. –––, 135 S. Ct. 2551 (June 26, 2015). However, that claim cannot be brought here. In order to fit within the savings clause under *Davenport*, a petitioner's argument must rely upon a new rule of statutory construction. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson,* 135 S. Ct. at 2563. *Johnson* announces a new rule of constitutional law, not a rule of statutory construction. See, *Price v. United States,* 795 F.3d 731, 734 (7th Cir. 2015). Therefore, *Johnson* cannot be the basis for a §2241 petition. *Brown v. Caraway*, 719 F.3d at 586.

In his reply, Doc. 12, in addition to his *Johnson* claim, petitioner repeats some of the arguments that he made in his §2255 motion with regard to his prior convictions. Those arguments do not rely on a change in law that postdates his §2255 motion and therefore cannot be brought in a §2241 petition. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), citing *Davenport*, 147 F.3d at 611.

While *Johnson* cannot be the basis for a §2241 petition, it may present grounds for filing a second or successive §2255 motion. A second or successive §2255 petition requires permission from the appropriate court of appeals, and is allowed when the court of appeals certifies that the petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2).

The Seventh Circuit Court of Appeals recently held that *Johnson* announces a new substantive rule of *constitutional law* and, moreover, that the new rule applies retroactively in a collateral attack on a final conviction. *Price v. United States,* 795 F.3d at 734. Accordingly, the Seventh Circuit granted the petitioner in *Price* permission to file a second or successive §2255 motion pursuant to 28 U.S.C. §2255(h). *Price,* 795 F.3d at 734-35.

If, like the petitioner in *Price*, Crews decides to pursue relief under §2255, he is advised that because he previously filed a §2255 motion, he must seek permission to file a second or successive §2255 motion with the federal court of appeals of the circuit in which he was sentenced. See 28 U.S.C. § 2244(b)(3). Since he was convicted in the Southern District of Illinois, the appropriate court

would be the Seventh Circuit Court of Appeals.  This Court expresses no opinion as to whether the Seventh Circuit would grant petitioner leave to file a second or successive §2255 motion, or whether petitioner would ultimately be entitled to relief under *Johnson*.

Petitioner should note that 28 U.S.C. 2255(f)(3) requires that a §2255 motion relying on a newly-recognized right must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court…." *Johnson* was decided by the Supreme Court on June 26, 2015.  Further, the one-year period prescribed by 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted, and not from the date the newly recognized right was found to be retroactive.  *Dodd v. United States,* 125 S. Ct. 2478, 2482 (2005).

As discussed above, petitioner's *Johnson* argument relies on a constitutional case, and not a case of statutory construction.  Therefore, his petition does not meet the first of the *Davenport* conditions.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).  Accordingly, petitioner's §2241 petition (Doc. 1) must be **DISMISSED**.

If petitioner wishes to appeal the dismissal of his petition, he may file a notice of appeal with this court within 60 days of the entry of judgment.  Federal Rule of Appellate Procedure 4(a)(1)(B).  A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended.  A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline.  Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

## Conclusion

Paul Douglas Crews' petition for writ of habeas corpus under 28 U.S.C. §2241 **(Doc. 1)** is **DISMISSED** without prejudice.  The Court will close the file.

**IT IS SO ORDERED.**

**Dated: October 7, 2015**

Digitally signed by
David R. Herndon
Date: 2015.10.07
10:39:27 -05'00'

**United States District Judge**